UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEFFREY BURGESS,

      Plaintiff,

v.                                        Case No: 8:13-cv-2446-T-36AEP

THOMAS MAYO, LOUIS WALTON and
TAMPA POLICE DEPARTMENT,

      Defendants.

_____/

## ORDER

      This cause comes before the Court upon Defendants Thomas Mayo, Louis Walton, and the Tampa Police Department's (collectively, "Defendants") Motion to Dismiss (Doc. 29). Plaintiff Jeffrey Burgess failed to respond to Defendants' motion within the time prescribed by the Local Rules. Accordingly, on June 30, 2014, the Court ordered Burgess to show cause by July 7, 2014 why the motion should not be granted (Doc. 32). Burgess failed to respond to that order, so the Court will treat Defendants' motion as unopposed. Having considered the motion and being fully advised in the premises, the Court will now grant Defendants' Motion to Dismiss.

## I.    BACKGROUND

### A.    Statement of Facts[1]

      In December 2011, Burgess met with State Representative Janet Cruz at her office in an attempt to seek recourse for the allegedly abusive and negligent treatment he received from Hillsborough County employees in relation to a knee injury he suffered in 1976. At that meeting,

---

[1] The following statement of facts is derived from Plaintiff's Third Amended Complaint (Doc. 21), the allegations of which the Court must accept as true in ruling on the instant Motion to Dismiss. *See Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F. 2d 989, 994 (11th Cir. 1983).

Police Officers Thomas Mayo and Louis Walton approached Burgess and purported to offer him the assistance of an orthopedic doctor.  Instead, they called a psychiatrist, who diagnosed him as suicidal despite the fact that he never mentioned suicide.  Burgess was then handcuffed, placed into the back seat of a police car, and transported to a mental hospital.  There, he was confined in a small room with about six people, and was not allowed to contact his friends or family.  Burgess was released the next morning after explaining his situation to a doctor there.

        **B.**      **Burgess' Third Amended Complaint**

Burgess' Third Amended Complaint alleges generally that Defendants' conduct violated his Fourth and Fourteenth Amendment rights, and seeks redress for these violations pursuant to 42 U.S.C. § 1983.  However, Burgess does not indicate under which provision each of his three Causes of Action falls.  *See* Doc. 21.  In recognition of the fact that he is a *pro se* litigant, the Court will afford him wide latitude when construing his pleadings, and will use common sense to ascertain the Constitutional violations alleged therein.  *See S.E.C. v. Elliott*, 953 F.2d 1560, 1582 (11th Cir. 1992).  Accordingly, the Court discerns as follows:  as to Burgess' First Cause of Action, it reasonably appears that he is alleging a claim for false arrest; as to his Second Cause of Action, it reasonably appears that he is alleging a claim for false imprisonment; and as to his Third Cause of Action, it reasonably appears that he is alleging a claim for excessive force.

## II.      STANDARD OF REVIEW

To survive a motion to dismiss, a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).  Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient.  *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Furthermore, mere naked assertions are not sufficient.  *Id.*  A complaint must contain

sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id*. (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id*.

## III. DISCUSSION

Qualified immunity protects government officials performing discretionary functions from suit unless their conduct violates a clearly established statutory or constitutional right. *See Brannon v. Finkelstein*, 754 F.3d 1269, 1278 (11th Cir. 2014). In evaluating whether qualified immunity applies, a court determines (1) whether the facts alleged make out a violation of a constitutional right; and (2) whether that right was "clearly established" at the time of the alleged misconduct. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009). A court has the discretion to address the two prongs of the analysis in either order. *See id.* at 236.

### A. First Cause of Action: False Arrest

The Fourth Amendment's protection against unreasonable seizure includes protection against arrest without probable cause. *See Crosby v. Monroe County*, 394 F.3d 1328, 1332 (11th Cir. 2004). With regard to a qualified immunity analysis, however, the issue is not whether there was probable cause, but whether there was "arguable probable cause." *See id.* "Arguable probable cause exists if, under all of the facts and circumstances, an officer reasonably could—not necessarily would—have believed that probable cause was present." *Id.* (quotation marks and citation omitted). Whether Burgess' seizure was lawful thus depends on whether the officers reasonably perceived that there was probable cause to involuntarily transport him to a mental health facility pursuant to the Baker Act, Fla. Stat. § 394.463.

In his complaint, Burgess states that a psychiatrist diagnosed him as suicidal in the presence of the officers before they brought him to the mental health facility. It thus follows that the officers reasonably could have believed that Burgess met the Baker Act criteria, which permits law enforcement officers to subject a person to an involuntary examination "if there is reason to believe that the person has a mental illness and because of his or her mental illness . . . [t]he person is unable to determine for himself or herself whether examination is necessary; and . . . [t]here is a substantial likelihood that without care or treatment the person will cause serious bodily harm to himself or herself . . . as evidenced by recent behavior," Fla. Stat. § 394.463. *Accord Greer v. Hillsborough County Sheriff's Office*, Case No. 06-cv-213, 2006 WL 2535050, at *2-3 (M.D. Fla. Aug. 31, 2006). Indeed, Burgess concedes that the officers did not act unilaterally, but took action in accordance with the evaluation of a trained medical professional.

Burgess appears to suggest that his arrest was nevertheless unlawful because he never mentioned suicide while at Ms. Cruz's office or the mental health facility. However, even if the Court were to draw the inference in his favor that the diagnosis was incorrect and that he was not in fact suicidal, that does not undermine the reasonableness of the officers' perception as to probable cause. *See Hunter v. Bryant*, 502 U.S. 224, 227 (1991) ("Even law enforcement officials who reasonably but mistakenly conclude that probable cause is present are entitled to immunity.") (quotation marks and citation omitted). Plaintiff has failed to state a claim for false arrest upon which relief can be granted. Further, Defendants Thomas Mayo and Louis Walton are entitled to qualified immunity on any individual claims as to the First Cause of Action.

### B.    Second Cause of Action: False Imprisonment

To state a claim for false imprisonment under § 1983, a plaintiff must allege facts demonstrating common law false imprisonment and a due process violation under the Fourteenth

Amendment.  *See Campbell v. Johnson*, 586 F.3d 835, 840 (11th Cir. 2009).  Specifically, the Fourteenth Amendment Due Process Clause protects the "right to be free from continued detention after it was or should have been known that the detainee was entitled to release."  *Id.* (citations omitted).  To establish a due process violation, a plaintiff must also show that the defendant acted with deliberate indifference to his rights—that is, the defendant had "(1) subjective knowledge of a risk of serious harm; and (2) disregarded that risk; (3) by conduct that is more than mere negligence."  *West v. Tillman*, 496 F.3d 1321, 1327 (11th Cir. 2007) (quotation marks and citation omitted).

Burgess claims that he was involuntarily held at the mental hospital for approximately 18 hours, but acknowledges that he was released the morning after he was detained after speaking to a doctor there.  Burgess has thus failed to state a claim for false imprisonment.  To begin with, Burgess has not alleged that he was held any longer than necessary—to the contrary, he was released promptly after the doctor at the mental health facility determined that he was not a threat to himself or the community.  Further, Burgess has not alleged that Defendants acted with deliberate indifference to his right to be free from detention after they knew or should have known that he was entitled to release.  Burgess has not alleged that there was any deliberate or even negligent delay in procuring his mental evaluation, or that after his evaluation, Defendants continued to detain him against the recommendation of the evaluating doctor.  Plaintiff has failed to state a claim for false imprisonment upon which relief can be granted.  Moreover, Defendants Thomas Mayo and Louis Walton are accordingly entitled to qualified immunity on any individual claims as to Burgess' Second Cause of Action.

### C.      Third Cause of Action: Excessive Force

Because the Court has concluded that the officers had arguable probable cause to subject Burgess to an involuntary examination under the Baker Act, *see* Section III.A, *supra*, Burgess' claim for excessive force is analyzed as a discrete cause of action. *See Jackson v. Sauls*, 206 F.3d 1156, 1171 (11th Cir. 2000). "The use of excessive force in carrying out an arrest constitutes a violation of the Fourth Amendment." *Rodriguez v. Farrell*, 280 F.3d 1341, 1351 (11th Cir. 2002). However, law enforcement officers are entitled to use reasonable force to execute a lawful arrest, and "[n]ot every push or shove . . . violates the Fourth Amendment." *Graham v. Connor*, 490 U.S. 386, 396 (1989). Accordingly, when an officer employs routine methods to detain an arrestee, he or she normally does not violate the Fourth Amendment unless he or she knew or reasonably should have known that employing such techniques would result in severe consequences. *See Rodriguez*, 280 F.3d at 1352-53.

Here, Burgess alleges that he was forced into the back seat of a police car, causing him "additional pain and distress" because "[his] movement was already restricted by a concealed constraint." For two reasons, this allegation falls short of adequately setting forth a claim for excessive force. First, the simple fact that the officers placed Burgess in the back seat of their police car following his lawful arrest does not, alone, give rise to the specter of excessive force— rather, it is a procedure that is commonly and routinely utilized to transport arrestees. Second, the fact that Burgess suffered additional pain and distress as a result of his alleged "concealed constraint" does not make the officers' use of force excessive because, according to Burgess, the alleged constraint is "concealed from people," Doc. 21 ¶ XI. The arresting officers therefore could not reasonably have known that placing Burgess in the back seat of their vehicle would have subjected him to undue pain and distress. Burgess has failed to allege facts that would support a

claim for excessive force.  Defendants Thomas Mayo and Louis Walton are entitled to qualified immunity on any individual claims as to Burgess' Third Cause of Action.

## IV.   CONCLUSION

The Court finds that each of Burgess' three Causes of Action fails to state a claim upon which relief can be granted.  In addition, because Plaintiff has failed to make out a violation of a constitutional right, Defendants Thomas Mayo and Louis Walton are entitled to qualified immunity on any claims brought against them in their individual capacities. The Court further determines that the Complaint should be dismissed with prejudice, because, despite his *pro se* status, Burgess has already amended his Complaint three times and has failed to respond in any way to Defendants' motion to dismiss or to this Court's Order to Show Cause, much less to seek leave to amend again.  *Accord Rance v. Winn*, 287 Fed. App'x 840, 842 (11th Cir. 2008) (holding that the district court did not abuse its discretion in dismissing a *pro se* plaintiff's claims with prejudice and without *sua sponte* granting him the opportunity to amend, where the plaintiff did not seek leave to amend and did not offer any indication of the substance of the proposed amendment).  The Court therefore need not (and does not) reach the issue as to whether the Tampa Police Department is an entity subject to suit.   Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1.      Defendants' Motion to Dismiss (Doc. 29) is granted.

2.      Plaintiffs' Third Amended Complaint (Doc. 9) is dismissed with prejudice.

3.      The Clerk is directed to terminate any pending motions and deadlines as moot, enter judgment accordingly, and close this case.

**DONE AND ORDERED** in Tampa, Florida on September 3, 2014.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any